**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREN JILAVDARYAN,

           Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 12-71137

Agency No. A200-908-550

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

    Karen Jilavdaryan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order ("BIA") dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny the petition for review.

Jilavdaryan contends he suffered past persecution and has a fear of future persecution by "Armenian mobsters" who extorted money from him. Substantial evidence supports the agency's denial of withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (a protected ground must be at least one central reason for persecuting the applicant). We reject Jilavdaryan's contention that the BIA failed to address his arguments, and also reject his request for a remand.

Substantial evidence also supports the agency's denial of Jilavdaryan's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Armenia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**